UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                                   NO. 13-101

NICOLE OLIVER                                         SECTION "R"

## ORDER AND REASONS

Defendant Nicole Oliver moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255,[1] and to add an additional claim to her § 2255 motion.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, the Court denies Oliver's motions.

On September 24, 2014, Oliver pleaded guilty to one count of conspiracy to commit health care fraud.[3] On June 29, 2016, the Court sentenced Oliver to 40 months imprisonment, and ordered her to pay restitution of $1,166,667.[4] Oliver now argues that her sentence should be vacated because she received ineffective assistance of counsel.[5] She also seeks to supplement her § 2255 motion to challenge the restitution ordered.[6]

---

1   R. Doc. 797.
2   R. Doc. 817.
3   R. Doc. 660.
4   *Id.*
5   R. Doc. 797.
6   R. Doc. 817.

## I. DISCUSSION

### A. Plea Agreement

In her plea agreement, Oliver waived her rights to collaterally challenge her sentence, except for "the right to bring a post-conviction challenge if [she] establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[7] At Oliver's rearraignment hearing, the Court asked her whether she understood that she could bring a post-conviction challenge only if she could show that ineffective assistance of counsel affected the validity of her guilty plea or the waiver of her appeal and collateral challenge rights.[8] Oliver stated that she understood this provision of the plea agreement.[9]

To determine whether a plea agreement bars a defendant from raising an issue on appeal or collateral review, the Court considers "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (explaining that plea

---

[7] R. Doc. 111 at 3.
[8] R. Doc. 816 at 24.
[9] *Id.*

agreements are construed through normal principles of contract interpretation). Upon review of the plea agreement and the record, the Court finds that Oliver's waiver of her appeal and collateral challenge rights was knowing and voluntary. *See Bond*, 414 F.3d at 544.

Accordingly, to bring a successful post-conviction claim of ineffective assistance of counsel, Oliver must show that her counsel's allegedly deficient performance *directly affected* the validity of her guilty plea or of her waiver of her appeal and collateral challenge rights.

### B. Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if the Court finds that the petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Oliver first contends that her defense counsel was ineffective because he failed to present the mitigation issues she wanted to raise, failed to subject the prosecution's case to a meaningful adversarial testing process, and failed to pursue the course of action that she requested.[10] Oliver has not provided any facts to support these arguments, or to indicate that her attorney's

---

10    R. Doc. 797 at 4.

allegedly deficient performance affected the validity of her guilty plea or the waiver of her appeal rights. Moreover, Oliver's assertions are contradicted by the record. At her rearraignment hearing, Oliver stated that she had sufficient time to discuss her case with her attorney, and that she was satisfied with the advice and services of her attorney.[11] Further, defense counsel submitted a lengthy sentencing memorandum outlining seven mitigating factors that could warrant a downward departure or variance from the advisory Sentencing Guidelines.[12] The Court considered these arguments and granted Oliver a downward variance of six months below the bottom of the advisory Sentencing Guidelines range.[13]

Oliver also contends that her attorney provided erroneous pre-arrest advice on the legality of the conduct that formed the basis of her conviction, and then later failed to disclose that such advice may have given rise to a conflict of interest.[14] Oliver appears to argue that she could have raised an advice of counsel defense had her attorney not suffered a conflict of interest.[15] Oliver further asserts that prejudice should be presumed because

---

[11] R. Doc. 816 at 26.
[12] R. Doc. 630.
[13] R. Doc. 813 at 7-8.
[14] R. Doc. 797 at 19.
[15] *Id.*

5

of her attorney's conflict of interest, and that the Court erred by failing to inquire into this conflict of interest.[16]

The Court finds that Oliver's motion can be denied without an evidentiary hearing. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner fails to produce any "independent indicia of the likely merit of [her] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). Here, Oliver does not specify what allegedly erroneous advice she received, much less show that such advice gave rise to a conflict of interest, adversely affected her attorney's performance, or influenced her decision to plead guilty. Moreover, there is nothing in the record to indicate that defense counsel had a potential conflict of interest. The Supreme Court has explained that, "when the trial judge is not aware of the conflict (and thus not obligated to inquire) . . . prejudice will be presumed only if the conflict has significantly affected counsel's performance." *Mickens v. Taylor,* 535 U.S. 162, 172-73 (2002).

---

[16] *Id.* at 14, 19.

At Oliver's rearraignment hearing, the Court explained the elements of the crime of conspiracy to commit health care fraud.[17] Oliver stated that she understood what the government would have to prove if she went to trial.[18] She expressed satisfaction with the services of her attorney, and never indicated that defense counsel had provided contrary advice about the legality of her conduct.[19] The Court finds that Oliver's conclusory assertions have no independent indicia of merit, and that her motion can be denied without an evidentiary hearing.

## C. Restitution Order

Oliver moves for permission to add an additional claim to her § 2255 motion to challenge the Court's restitution order.[20] As the Fifth Circuit has explained, "complaints concerning restitution may not be addressed in § 2255 proceedings," because a challenge to restitution is not a claim related to unlawful custody. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999). Accordingly, Oliver's motion must be denied.

---

17 R. Doc. 816 at 10-12.
18 *Id.* at 12.
19 *Id.* at 26.
20 R. Doc. 817.

## D. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, Oliver has not made a substantial showing of the denial of a constitutional right.

## II.  CONCLUSION

For the foregoing reasons, Oliver's motion to vacate is DENIED. Oliver's motion to add an additional claim to her motion to vacate is also DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___11th___ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE